Evan Livingstone, SBN 252008
LAW OFFICE OF EVAN LIVINGSTONE
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
Tel.: (707) 206-6570
Fax: (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Plaintiffs
Eduardo Escamilla and Luisa Cordero

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ESCAMILLA AND LUISA CORDERO<br><br>Plaintiffs,<br><br>vs.<br><br>ECHELON COMMUNITIES, LLC<br><br>Defendant. | Case No. 3:23-cv-3132<br><br>**COMPLAINT**<br><br>Housing Discrimination<br>(42 U.S.C. § 3601, et. seq)<br><br>Housing Discrimination<br>(Cal. Gov. Code §§ 12955, 12981)<br><br>Retaliatory Eviction<br>(Cal. Civ. Code §1942.5 and Common Law) |

Plaintiffs EDUARDO ESCAMILLA and LUISA CORDERO brings this Complaint against Defendant ECHELON COMMUNITIES, LLC, and state as follows:

### INTRODUCTION

1. This is an action for money damages for housing discrimination in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et. seq., the California Fair Employment and Housing Act, Cal. Civil Code § 12900 et. seq., and California common law and statutory prohibitions against retaliation in rental housing, Cal. Civil Code § 1942.5.

2. Plaintiffs EDUARDO ESCAMILLA and LUISA CORDERO allege that Defendant ECHELON COMMUNITIES, LLC engaged in illegal conduct under the Fair Housing Act Amendments of 1988 by discriminating against Plaintiffs on the basis of Plaintiff's physical disability, by refusing to provide a reasonable accommodation for Plaintiff Eduardo Escamilla's disability in a real estate rental transaction in regard to the subject property which

1  Plaintiffs rented from Defendant which is located at 2963 Santa Rosa Ave, Space B-06, Santa Rosa, CA 95407 (the "Mobilehome Space").

3.  Plaintiffs also alleged that Defendant served Plaintiffs with a Notice to Vacate their mobilehome space to retaliate against Plaintiffs because Plaintiffs sued Defendant and obtained a judgment against Defendant for charging Plaintiffs excessive rent.

## JURISDICTION AND VENUE

4.  This court has original jurisdiction pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 3613(a), over Plaintiffs' causes of action arising under the Fair Housing Act Amendments of 1988.

5.  Plaintiffs further invoke this Court's supplemental jurisdiction, under 28 U.S.C.§ 1367, over any and all state law claims and as against all parties so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy.

6.  Venue lies in the United States District Court for the Northern District of California because, under 28 U.S.C. § 1391(b), because Defendant is headquartered in the Northern District of California, and a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the Northern District of California.

## PARTIES

7.  Plaintiff EDUARDO ESCAMILLA is a natural person, with a disability as defined by 42 U.S.C. § 12102 and Cal. Gov. Code § 12926(m) and Cal. Civil Code § 1761(g).

8.  Plaintiff LOUISA CORDERO is a natural person.

9.  Plaintiffs EDUARDO ESCAMILLA and LOUISA CORDERO are owners of a mobilehome located at 2963 Santa Rosa Ave, Space B-06, Santa Rosa, CA 95407.

10. Defendant ECHELON COMMUNITIES, LLC, is a California limited liability company, with headquarters in Santa Rosa, California.

11. Defendant ECHELON COMMUNITIES, LLC, is the owner and operator of Sunset Park Community, a mobilehome park located at 2963 Santa Rosa Ave, Santa Rosa, CA 95407. Defendant ECHELON COMMUNITIES, LLC is in the business of renting dwellings as defined by 42 U.S.C. §§ 3602(b) and (e).

Complaint

**FACTUAL ALLEGATIONS**

12. In July 2012, Plaintiffs EDUARDO ESCAMILLA and LUISA CORDERO purchased the mobilehome located at 2963 Santa Rosa Ave, Space B-06, Santa Rosa, CA 95407.

13. On July 12, 2012, Plaintiffs EDUARDO ESCAMILLA and LUISA CORDERO entered into a rental agreement with Defendant ECHELON COMMUNITIES, LLC to rent the space on which Plaintiffs' mobilehome is located, Space B-06 in Sunset Park Community mobilehome park.

14. Plaintiffs paid Defendant all rent and other charges due under the rental agreement, except for the May and June 2023 rent which Defendant refused to accept.

15. In February 2020, Plaintiffs, along with a 20 other residents of Sunset Park, filed a lawsuit in the Sonoma Superior Court, alleging that Defendant charged them too much rent.

16. In February 2021, Plaintiffs began repairs on their mobilehome, which consisted of replacing the siding and an eave, and painting their mobilehome.

17. In March 2021, Defendant's owner, John Preston, advised Plaintiffs that they needed to obtain a permit from California Department of Housing and Community Development (HCD) for the work they were doing on their mobilehome.

18. On March 12, 2021, Plaintiffs applied for and obtained a permit from HCD to perform the repairs on their mobilehome.

19. Plaintiffs completed the repairs on their mobilehome in April 2021.

20. None of the work Plaintiffs did to their mobilehome created a health and safety risk to themselves or to any other residents of Sunset Park Community mobilehome park.

21. However, in the process of replacing the siding on their mobilehome, Plaintiffs lost the HCD decal for their mobilehome.

22. On July 5, 2021, Plaintiff EDUARDO ESCAMILLA was hospitalized with a heart condition.

23. Because of Mr. Escamilla's medical condition, Plaintiffs failed to obtain a final inspection and closure of their HCD permit before the permit expired in September 2021.

24. EDUARDO ESCAMILLA continued to experience medical issues. In August

1    2022, Mr. Escamilla was hospitalized for three weeks, with acute renal failure. Since that time

2    Mr. Escamilla has had to go to dialysis at least three times a week, for several hours a session.

3         25.    On November 1, 2022, with the trial date of Plaintiffs' lawsuit against Defendant

4    for overcharging rent less than a month away, Defendant ECHELON COMMUNITIES, LLC,

5    sent Plaintiffs a letter stating: "During a recent Park Inspection it was determined that several

6    alterations were performed on the above referenced manufactured home. Please provide copies

7    of all documentation related to this effort including any diagrams, plans, structural and/or

8    electrical calculations along with the associated permits and inspection cards to this office within

9    10 calendar days.

10        26.    On November 14, 2022, Defendant ECHELON COMMUNITIES, LLC, served

11   Plaintiffs with a Seven Day Notice to Comply with Rules and Regulations which stated,

> WITHIN SEVEN DAYS after service on you of this notice, you are required to comply with the following Rule(s) and/or Regulation(s) of the Park:
> Rule 12. Item V: Building permits, licenses, and other similar permission from governmental or quasi-governmental bodies or agencies are required and must be obtained before construction or installation of certain accessory equipment, structures, and appliances and all such appliances, equipment, and structures must comply with all federal, state, and local laws and ordinances.
> Health and Safety Code Div. 13 Part 2 Chapter 8 Article 5:
> If any registration card or registration decal is stolen, lost, mutilated, or illegible, the registered owner of the manufactured home or mobile home for which it was issued, as shown by the records of the department of Housing and Community Development, shall immediately make application for, and may, upon the applicant furnishing information satisfactory to the department and paying the required fees, obtain a duplicate, substitute, or new registration under a new registration number, as determined by the department of Housing and Community Development.
> In order to comply, you must: Submit and replace any removed HUD label due to recent alterations to your home. Provide copies of all calculations and permits for any structural and electrical modifications to your home as required by law.

22        27.    On November 15, 2022, Plaintiffs through counsel, advised Defendant that the

23   letter and notice were vague, that Plaintiffs had obtained a permit to replace their siding in March

24   2021, and that Plaintiffs would be applying for a replacement decal from HCD.

25        28.    On November 17, 2022, Plaintiffs through counsel, sent Defendant a copy of their

26   application for a replacement decal from HCD.

27        29.    On December 15, 2022, Defendant served Plaintiffs with a second Seven Day

28   Notice to Comply with Rules and Regulations which was almost identical to the November 14,

Complaint

2021 notice.

30. On or about December 16, 2022, EDUARDO ESCAMILLA told Sunset Park Communities' manager, Giovani Sanabia, about his health issues and asked for more time to resolve Defendant's demand for a permit and a new decal. Mr. Escamilla sent Giovani a text message of his application for a replacement HCD decal. This was Plaintiff's first request for reasonable accommodation for his disability.

31. On February 7, 2023, Defendant Echelon Communities, LLC, served Plaintiffs with a third Seven Day Notice to Comply with Rules and Regulations which was similar to the two previous notices, except for the last paragraph which stated:

> In order to comply, you must: Replace any removed HUD label due to recent alterations to your home. Provide copies of the signed inspection cards from HCD showing all work has been inspected in order to ensure the structural and electrical work is performed in accordance with current codes and standards. Please provide copies of the final inspection card showing all work has been inspected and closed-out by HCD.

32. On February 16, 2023, Mr. Escamilla sent Giovani Sanabia a text message advising Defendant that he had spoken with the HCD inspector, and that the inspector was going to call him back. Plaintiff asked Defendant for more time to obtain the permit Defendant required.

33. On March 9, 2023 the Sonoma Superior Court issued a judgment against Defendant, in favor of Plaintiffs Escamilla and Cordero and the other plaintiffs in the superior court action, collectively awarding the plaintiffs $47,244.10 for charging them excessive rent and other fees.

34. On April 10, 2023, Defendant Echelon Communities, LLC, served Plaintiffs with a fourth Seven Day Notice to Comply with Rules and Regulations which was identical to the notice served on February 16, 2023.

35. On April 21, 2023, Defendant served Plaintiffs with a SIXTY (60) DAY NOTICE TO TERMINATE TENANCY, stating, "YOU ARE HEREBY NOTIFIED THAT, pursuant to the Mobilehome Residency Law (California Civil Code Section 798.56(d)), your tenancy of the Premises hereinabove described is terminated.

36. On May 12, 2023, through their lawyer, EDUARDO ESCAMILLA and LUISA

1  CORDERO submitted an official Request for Reasonable Accommodation, asking Echelon
2  Communities LLC to give them more time to obtain the HCD permit, as a reasonable
3  accommodation for Eduardo's disability.

4        37.    On May 23, 2023, Defendant Echelon Communities, LLC responded through its
5  lawyer that it would not consider rescinding Plaintiffs' 60-day notice, but intended to continue to
6  evict Plaintiffs, regardless of Eduardo Escamilla's disability. Echelon Communities, LLC's only
7  offer was to give Plaintiffs more time to vacate.

8        38.    On May 23, 2023, Plaintiffs provided Defendant a finalized HCD permit for the
9  work done on their mobilehome, signed by an HCD inspector on May 17, 2023.

10       39.    On June 2, 2023, Plaintiff's counsel again sent Defendant's counsel a request for
11 reasonable accommodation on Plaintiff's' behalf, providing more detailed information about Mr.
12 Escamilla's debilitating medical condition and the nexus between his disability and his need for a
13 reasonable accommodation.

14       40.    On June 15, 2023, Plaintiffs spoke with Defendant's owner, John Preston, in
15 person, and made a final oral and written request for a reasonable accommodation to allow them
16 to stay in their home, due to Eduardo's disability. Mr. Preston refused to rescind Plaintiffs' 60-
17 Day Notice To Vacate, telling Plaintiffs that they had done a lot of harm the community.

18       41.    As a result of Defendant's conduct, Plaintiffs have suffered special economic
19 damages of at least $250,000, and general emotional distress damages in an amount of at least
20 $500,000.

## CLAIMS FOR RELIEF

### COUNT I

Housing Discrimination – Fair Housing Amendments Act of 1988 (42 U.S.C. § 3601, et. seq.)

24       42.    Plaintiffs hereby incorporate all the foregoing allegations as though fully set forth
25 herein.

26       43.    Plaintiff EDUARDO ESCAMILLA has a handicap, that is a physical impairment
27 which substantially limits one or more of his major life activities, as defined by 42. U.S.C. §
28 3602(h)(1).

Complaint

44. Defendant rents a dwelling to Plaintiffs, as defined by 42. U.S.C. §§ 3602(b), (e), i.e., the mobilehome space which Plaintiffs rent from Defendant is vacant land which is offered for lease for the location thereon of a structure designed for human occupancy as a residence for a family.

45. The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604(f)(3)(B) provides that illegal housing discrimination includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

46. In refusing to give Plaintiffs more time to obtain a finalized permit and decal from HCD, and refusing to rescind Plaintiff's 60-Day Notice to Vacate, despite the fact that Plaintiff EDUARDO ESCAMILLA has a disability and handicap which made it more difficult for Plaintiffs to obtain these documents, Defendant ECHELON COMMUNITIES, LLC has engaged in a discriminatory housing practice in violation of the Fair Housing Amendments Act of 1988, 42. U.S.C. § 3602(f).

47. As a result of Defendant's violation of the Fair Housing Amendments Act of 1988, Plaintiffs have suffered special economic damages of at least $250,000, and general emotional distress damages in an amount of at least $500,000.

48. In denying Plaintiff's request for a reasonable accommodation, Defendant exhibited a reckless or callous disregard of, or indifference to, Plaintiff's rights.

## COUNT II

<u>Housing Discrimination (Cal. Gov. Code §§ 12955, 12989.1)</u>

49. Plaintiffs hereby incorporate all the foregoing allegations as though fully set forth herein.

50. Gov Code, § 12955(a) provides that it shall be unlawful for the owner of any housing accommodation to discriminate against any person because of their disability.

51. Plaintiff Eduardo Escamilla has a physical disability as defined in Gov Code, § 12926(m).

52. 2 Cal Code Regs § 12176(a) provides that a reasonable accommodation is an

exception, change, or adjustment in rules, policies, practices, or services when such an accommodation may be necessary to afford an individual with a disability an equal opportunity to use and enjoy a dwelling unit and public and common use areas.

53. 2 Cal Code Regs § 12176(c) provides that it is a discriminatory housing practice for any person to refuse to make reasonable accommodations unless providing the requested accommodation would constitute an undue financial and administrative burden or a fundamental alteration of its program, or if allowing an accommodation would constitute a direct threat to the health and safety of others, or would cause substantial physical damage to the property of others.

54. 2 Cal Code Regs § 12177 provides that whenever a person who receives a request for a reasonable accommodation cannot immediately grant the requested accommodation , the person considering the request must engage in an interactive process with the individual with a disability or the individual's representative. An undue delay by the person considering the request, may constitute a denial of a reasonable accommodation.

55. Defendants failed to engage in an interactive process and refused to make a reasonable accommodation for Plaintiff's disability without justification after Plaintiff made a reasonable accommodation request for more time to obtain a finalized permit and decal from HCD, and by refusing to rescind Plaintiffs' 60-Day Notice to Vacate.

56. Gov Code § 12989.1 provides that an aggrieved person may commence a civil action in an appropriate court not later than two years after the occurrence or the termination of an alleged discriminatory housing practice.

57. Gov Code § 12989.2 provides that in a civil action brought under Section 12989.1, if the court finds that a discriminatory housing practice has occurred the court may award the plaintiff actual and punitive damages, reasonable attorney's fees, and costs.

58. As a result of Defendant's failure to engage in an interactive process and denial of request for reasonable accommodation, Plaintiffs suffered general damages in the form of emotional distress in an amount to be proved at trial but not less than $500,000, and special economic damages in an amount to be proved at trial, but not less than $250,000.

59. Defendant knew that Plaintiff EDUARDO ESCAMILLA was a disabled person.

60. Defendant's conduct caused, or will cause, Plaintiff EDUARDO ESCAMILLA to suffer loss of his primary residence.

61. Plaintiff EDUARDO ESCAMILLA is substantially more vulnerable than other members of the public to Defendant's conduct because of his disability.

62. Plaintiff EDUARDO ESCAMILLA suffered substantial emotional and economic damage resulting from Defendants' conduct. Therefore, Plaintiff is entitled to recover triple penalties pursuant to Cal Civil Code § 3345.

63. Plaintiff acted with malice, fraud and or oppression when doing the acts alleged herein. Therefore, Plaintiffs are entitled to recover punitive damages pursuant to Cal Civil Code § 3294.

## COUNT III

### Retaliatory Eviction (Cal. Civ. Code § 1942.5 and Common Law)

64. Plaintiffs hereby incorporate all the foregoing allegations as though fully set forth herein.

65. Cal. Civil Code §1942.5(a) provides that if a lessee is not in default as to the payment of rent, a lessor may not retaliate against a lessee because of the exercise of the lessee's rights, may not recover possession of a dwelling or cause a lessee to quit involuntarily, within 180 days after entry of judgment, when the issue of tenantability is determined adversely to the lessor.

66. Cal. Civil Code §1942.5(d) provides it is unlawful for a lessor to cause a lessee to quit involuntarily or bring an action to recover possession, for the purpose of retaliating against the lessee because the lessee has lawfully and peaceably exercised any rights under the law.

67. California common law also precludes a landlord from evicting a tenant in retaliation for lawful activities of the tenant.

68. In February 2020, Plaintiffs filed a lawsuit against Defendant alleging that Defendant charged them too much rent.

69. On March 9, 2023 the Sonoma Superior Court issued a judgment against Defendant, in favor of Plaintiffs Escamilla and Cordero and the other plaintiffs in the superior

court action, collectively awarding the plaintiffs $47,244.10 for charging them excessive rent and other fees.

70. On April 21, 2023, Defendant served Plaintiffs with a 60-Day Notice To Terminate Tenancy.

71. Plaintiffs were current on their rent when Defendant served them with the 60-Day Notice to Terminate Tenancy.

72. Defendant served Plaintiffs with a notice to terminate their tenancy to retaliate against them for exercising their rights under the civil code, and obtaining a judgment against Defendant.

73. As a result of Defendant's retaliation, Plaintiffs suffered general damages in the form of emotional distress in an amount to be proved at trial but not less than $500,000, and special economic damages in an amount to be proved at trial, but not less than $250,000.

74. Defendant was guilty of fraud, oppression, or malice when it served Plaintiffs with an eviction notice.

75. Pursuant to Civil Code §1942.5(h), Plaintiffs entitled to actual damages, punitive damages of up to $2,000 for each retaliatory act where the lessor or agent has been guilty of fraud, oppression, or malice with respect to that act.

76. Pursuant to Civil Code §1942.5(i), Plaintiffs are entitled to reasonable attorney's fees should they prevail in their claim for retaliatory eviction.

77. Plaintiff acted with malice, fraud and or oppression when doing the acts alleged herein. Therefore, Defendant's conduct entitles Plaintiffs to recover exemplary damages pursuant to Cal. Civ. Code § 3294.

78. Defendant knew his conduct was directed towards a disabled person and would cause a disabled person to lose his home in violation of Cal Civ Code §3345, entitling Plaintiff EDUARDO ESCAMILLA to recover treble damages from Defendants.

79. Defendants has incurred attorney fees and will incur attorney fees to enforce her legal rights.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendant for the following:

1. Actual damages of $750,000, as authorized by 42 U.S.C. § 3613(c)(1), Gov Code § 12989.2, and Cal. Civil Code §1942.5(h) consisting of special economic damages of $250,000, and general emotional distress damages of $500,000;
2. Punitive damages as authorized by 42 U.S.C. § 3613(c)(1), Gov Code § 12989.2, and Cal Civ Code § 1942.5(h),
3. For treble penalties pursuant to Cal Civ Code § 3345;
4. For exemplary damages pursuant to Cal. Gov Code § 3294,
5. For reasonable attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2), Cal. Gov Code § 12989.2, and Cal. Civ. Code §§ 1717, 1942.5(i);
6. For costs of suit;
7. For such other and further relief as the Court deems just and proper.

Dated: June 25, 2023

Law Office of Evan Livingstone

/s/Evan Livingstone
Evan Livingstone, Attorney for Plaintiffs
Eduardo Escamilla and Luisa Cordero