**RUDDEROW LAW GROUP**
A Professional Law Corporation
**Daniel T. Rudderow SBN: 174258**
**Chris C. Chapman SBN: 234738**
1301 Dove Street, Suite 800
Newport Beach, California 92660
(949) 565-1344

Attorneys for Defendant,
ECHELON COMMUNITIES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ESCAMILLA AND LUISA CORDERO,<br><br>Plaintiffs,<br><br>vs.<br><br>ECHELON COMMUNITIES, LLC,<br><br>Defendants. | Case No. 3:23-cv-3132<br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO QUASH SERVICE, PURSUANT TO RULE 12(B)(5); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      October 19, 2023<br>Time:     1:30 p.m.<br>Courtroom: G<br><br>Action Filed: June 25, 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **October 19, 2023 at 1:30 p.m.,** or as soon thereafter as the matter may be heard, **in Courtroom G**, United States District Court, Phillip Burton Federal Building located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102, Defendant Echelon Communities, LLC ("Defendant") will move the Court pursuant to Federal Rule of Civil

Procedure 12(b)(5) for an order dismissing Plaintiff's Complaint or, in the alternative, quashing service of summons.

Defendant hereby moves under Federal Rule of Civil Procedure 12(b)(5) for dismissal or, in the alternative, to quash service, based upon Plaintiff's failure to serve Defendant in accordance with Federal Rule of Civil Procedure 4. The court lacks personal jurisdiction over Defendant because service was insufficient.

The motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Declarations of John Preston and Chis C. Champman, the reply (if any), oral argument and the records and files in this action.

Dated:  September 5, 2023         **RUDDEROW LAW GROUP**

By: *Chris C. Chapman*
_____
Chris C. Chapman
Attorneys for Defendant,
ECHELON COMMUNITIES, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Echelon Communities, LLC ("Defendant" or "Echelon") moves to dismiss the Complaint, or in the alternative, to quash service pursuant to Rule 12(b)(5) on the grounds that Defendant was not properly served with the summons and complaint, and the Court therefore lacks personal jurisdiction over Defendant.  Plaintiffs' counsel has filed a proof of service which falsely indicates that summons was served on John Preston of Echelon.  In fact, the summons and complaint were *not* personally served on Mr. Preston, and Echelon has not been legally served in any other manner.

## FACTUAL BACKGROUND

On June 25, 2023, Plaintiffs Eduardo Escamilla and Luisa Cordero ("Plaintiffs"), represented by attorney Evan Livingstone, filed this lawsuit against Echelon.  (*See docket entry #1*).  Echelon is a California limited liability company that owns the mobilehome park known as Sunset Park Community (the "Park").  Echelon's agent for service of process is Holly Preston, at 1730 Pine St, Saint Helena, CA 94574.  (*See* Declaration of John Preston ("Preston Decl.") ¶ 2).  On August 9, 2023, attorney Livingston emailed defense counsel stating that he had "unsuccessfully" attempted to serve Holly Preston because the process server could not find her home. (*See* Declaration of Chris C. Chapman ("Chapman Decl.") ¶ 2).

On August 14, 2023, John Preston was present at the Park when he witnessed Mr. Livingston in the parking lot. (Preston Decl. ¶ 2).  Mr. Preston was standing on the other side of the road talking on his cell phone and not paying much attention.  (*Id.*)  Mr. Livingstone parked his car, began walking toward John Preston, and then stopped in the middle of the street.  (*Id.*)  When he was about 20 feet away from Mr. Preston, he threw some papers on the ground before getting back into his car and driving away.  (*Id.*)  Mr. Livingston did not approach John Preston, did not speak to him, and never attempted to hand him any documents.  (*Id.* ¶¶ 3, 8).  Mr. Preston did not know what he had thrown on the ground and did not pick it up. (*Id.* ¶ 3).

1       That same day, Mr. Livingston emailed Echelon's attorney stating that he had "personally served John Preston." (Chapman Decl. ¶ 3). He also filed a proof of service attesting under the penalty of perjury that he had served the summons on John Preston. (*Docket entry* #9).

      John Preston only became aware of this lawsuit when Echelon's attorney informed him of it. (Preston Decl. ¶ 4). At no point did he refuse to accept documents or decline to take documents offered to him by Mr. Livingstone, and, on August 14, 2023, he had no reason to believe that Mr. Livingstone was attempting to personally serve him with legal documents. (*Id.* ¶¶ 7-9).

## LEGAL STANDARD

      Federal Rule of Civil Procedure 12(b)(5) permits a party to challenge the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Rule 4 governs service of the summons and complaint. *See* Fed. R. Civ. P. 4. Unless a defendant is served in accordance with Rule 4, a federal court lacks personal jurisdiction over the defendant. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009).

      Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In resolving a Rule 12(b)(5) motion, the court may consider evidence outside the pleadings, *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Or. 2013), and weigh and determine disputed issues of fact, *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). Where service of process is insufficient, the district court has discretion to dismiss the action or to quash service. *S.J. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

## ARGUMENT

**A. Service Under Federal Rule of Civil Procedure 4 and California Law**

      Under the Federal Rules of Civil Procedure, the plaintiff is responsible for having the summons and complaint served. See Fed. R. Civ. Proc. 4(c). Rule 4(h) governs the specific requirements for service of process on a corporation or limited liability company within a judicial district. Fed. R. Civ. Proc. 4(h)(1); *Van v. Black Angus Steakhouses, LLC*, No. 5:17-CV-06329-

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE

EJD, 2018 WL 2763330, at *2 (N.D. Cal. June 8, 2018) ("LLCs may also be served with process in the same way as corporations.")

Pursuant to Federal Rule of Civil Procedure 4, there are two ways to deliver a summons to a corporation or other unincorporated association: (i) in the same manner as permitted under state law; or (ii) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. Proc. 4(h)(1); 4(e)(1).

Under California law, a summons may be served on a corporation or limited liability company by "delivering" a copy of the summons and complaint: (1) "[t]o the person designated as agent for service of process" under the Corporations Code, Cal. Code Civ. Proc. § 416.10(a); (2) "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process," Cal. Code Civ. Proc. § 416.10(b); or (3) to an "agent of the corporation" or the California Secretary of State, Cal. Code Civ. Proc. § 416.10(d).

**B. Echelon Was Not Properly Served in Accordance with the Federal Rules or California Law**

Echelon requests dismissal on the basis that it was not properly served, and therefore, the Court lacks personal jurisdiction over Echelon. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.* (1987) 484 U.S. 97, 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Plaintiffs' attorney did not serve Echelon in compliance with either federal or state law, and moreover, misrepresented that he personally served John Preston.

On August 9, 2023, Plaintiffs' counsel, Evan Livingstone admitted to defense counsel that he had "tried unsuccessfully" to serve Echelon's registered agent. (Chapman Decl. ¶ 2). He then claimed to have served John Preston, on behalf of Echelon, by allegedly delivering him a copy of

the summons and complaint.  Under both federal law and California law, the term "delivery" for purposes of service requires personal service.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 09-1115 SI, 2009 WL 4874872, at *2 (N.D. Cal. 2009) ("Although the term 'delivery' under Rule 4(h)(1) is not expressly defined by the Federal Rules of Civil Procedure, 'courts have determined that Rule 4 requires personal service.'"); *Hunstock v. Estate Development Corp.* (1943) 22 Cal.2d 205, 138 P.2d 1 ("Under the section authorizing service of summons on corporation by delivery of copy thereof to specified persons, the words 'by delivering' require personal service upon the designated persons.").

Plaintiffs' attorney, Evan Livingstone, filed a proof of service attesting that he had served summons on John Preston and emailed defense counsel claiming to have "personally served" Mr. Preston on August 14, 2023 at the Park.  (Chapman Decl. ¶ 3).  The events that occurred at the Park on August 14, 2023 do not constitute service on Mr. Preston.

On August 14, 2023, Plaintiffs' attorney visited the Park and threw papers on the ground at least 20 feet from John Preston, who was not paying attention, had no idea what the documents were, and had no knowledge that Mr. Livingston was attempting to serve him with a lawsuit. (Preston Decl. ¶¶ 3, 809). He did not even attempt to make in-hand service, nor did he attempt to communicate to John Preston what the documents were.  (*Id.* ¶¶ 3, 8).  In *Travelers Cas. and Sur. Co. of America v. Brenneke* (9th Cir. 2009) 551 F.3d 1132, 1136, the court discussed the issue of whether service was sufficient when in-hand service was not effected:

> Sufficient service may be found where there is a good faith effort to comply with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service.

Here, there was clearly no good-faith effort to comply with federal or state law regarding service.  Mr. Livingstone did *not* place the documents within Mr. Preston's "immediate proximity."  Mr. Livingstone never approached Mr. Preston and never attempted to hand him any documents. (Preston Decl. ¶ 8.)  Mr. Preston did not refuse to accept delivery or attempt to evade

service, nor was he made aware of the nature of the documents. (*Id.* ¶¶ 6-9). Mr. Preston was never personally delivered a copy of the summons or complaint filed in this lawsuit. (*Id.* ¶ 5). Mr. Livingston's actions fall far short of what is required to effect service under the Federal Rules, and his representation of these events as sufficient personal service is disingenuous.

Plaintiffs seek to haul Echelon into court without having properly effectuated service. Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Because Echelon was not properly served, the Court lacks personal jurisdiction over Echelon and should dismiss the case against Echelon, or alternatively, quash service, pursuant to Rule 12(b)(5).

## CONCLUSION

For all the foregoing reasons, Defendant respectfully request the Court grant the motion and dismiss the action for lack of jurisdiction, or alternative, to quash the alleged service on the grounds that the requirements for service of the summons and the complaint on Defendant were not met.

Dated: September 5, 2023         **RUDDEROW LAW GROUP**

By: *Chris C. Chapman*
    Chris C. Chapman
    Attorneys for Defendant,
    ECHELON COMMUNITIES, LLC

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE

**PROOF OF SERVICE**

*ESCAMILLA, ET AL. V. ECHELON COMMUNITIES, LLC*
*CASE NO. 3:23-CV-3132*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 1301 Dove Street, Suite 800, Newport Beach, CA 92660.  On September 5, 2023, I caused the foregoing document(s) described as **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE**

    to be served on the interested parties in this action as follows:

☐ By placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as stated below or ☒ by sending a copy as stated and addressed below:

***SEE ATTACHED SERVICE LIST***

☒   **BY ELECTRONIC SERVICE**.  I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central Division of California, by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒   [Federal]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on September 5, 2023, at Newport Beach, California.

*Grace Bracamonte*
Grace Bracamonte

**SERVICE LIST**
*Escamilla, et al. v. Echelon Communities, LLC*
Case No. 3:23-cv-3132

Evan Livingstone, Esq.
Law Offices of Evan Livingstone
1160 N. Dutton Ave., Ste. 105
Santa Rosa, CA 95401
Phone: (707) 206-6570
Fax: (707) 676-9112
Email: evanmlivingstone@gmail.com

*Attorneys for PLAINTIFFS,*
Eduardo Escamilla and Luisa Cordero