UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ESCAMILLA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ECHELON COMMUNITIES, LLC,<br><br>　　　　Defendant. | Case No. 23-cv-03132-LJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>Re: ECF Nos. 18, 19 |

Before the Court is Defendant Echelon Communities, LLC's Motion to Dismiss Plaintiffs Eduardo Escamilla[1] and Luisa Cordero's Complaint. ECF No. 18. Plaintiffs allege three claims against Defendant—one discrimination claim in violation of the Fair Housing Act Amendments of 1988 (FHAA), one discrimination claim in violation the California Fair Employment and Housing Act (FEHA), and one claim for retaliatory eviction in violation of state statutory and common law. The Court heard the Motion on November 3, 2023. ECF No. 27. Having read the papers filed by the parties and carefully considered their arguments and relevant authority, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss.

I.　　FACTUAL ALLEGATIONS

Plaintiffs' Complaint contains the following allegations relevant to the Motion to Dismiss. Defendant is the owner and operator of the mobilehome park where Plaintiffs' mobilehome is located. ECF No. 1 (Compl.) ¶¶ 11–12. In February 2021, Plaintiffs began repairs on their mobilehome. Id. ¶ 16. The following month, Defendant's owner, John Preston, informed

---

[1] The Court received notice of Escamilla's death following the hearing on this Motion. ECF No. 29. Nonetheless, Escamilla's successor-in-interest, Cordero, may bring these claims on his behalf. Cordero has until February 7, 2024 to bring a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1), otherwise Escamilla's claims must be dismissed.

1    Plaintiffs that they were required to obtain a permit from the California Department of Housing

2    and Community Development (HCD) for the repair work. Id. ¶ 17. Plaintiffs obtained a permit

3    from HCD on March 12, 2021. Id. ¶¶ 17–18. Plaintiffs completed their repairs in April 2021, but

4    lost their HCD decal in the process. Id. ¶¶ 19, 21. A HCD decal is also required for a

5    mobilehome. See id. ¶ 26. The HCD work permit expired in September 2021. Id. ¶ 23.

6          There are no allegations that Defendant took immediate action in response to Plaintiffs'

7    missing HCD decal or expired work permit. Instead, Plaintiffs allege that more than one year

8    later, Defendant sent a series of Seven Day Notices to Comply with Rules and Regulations

9    (Seven-Day Notice) over the course of several months. See id. ¶¶ 25–34. On November 1, 2022,

10   Defendant sent Plaintiffs the first Seven-Day Notice, less than one month before the trial date in

11   Plaintiffs' separate lawsuit against Defendant for overcharging rent. Id. ¶ 25. This Notice

12   demanded, within ten days, documentation related to the alterations to the mobilehome, including

13   associated permits. Id. ¶ 25. Plaintiffs, through their counsel, responded the next day, informing

14   Defendant of their March 2021 permit and their intention to apply for a replacement HCD decal.

15   Id. ¶ 27. Two days later Plaintiffs sent a copy of their decal replacement application to Defendant.

16   Id. ¶ 28.

17         The following month, on December 15, 2022, Defendant served Plaintiffs with a second

18   Seven-Day Notice, nearly identical to the first one. Id. ¶ 29. The next day Escamilla told the

19   mobilehome park manager about his health issues and asked for additional time to resolve the

20   permit and new decal. Id. ¶ 30. Plaintiffs allege that this was the first request for a reasonable

21   accommodation for Escamilla's disability. Id.

22         Nearly two months later, on February 7, 2023, Defendant served Plaintiffs with a third

23   Seven-Day Notice. Id. ¶ 31. This Seven-Day Notice was identical to the prior two notices, except

24   for the last paragraph requiring copies of the final inspection card concerning recent alterations.

25   Id. On February 16, 2023, Escamilla sent the manager a text message advising Defendant that he

26   had spoken with a HCD inspector and that the inspector intended to call him back. Id. ¶ 32.

27   Escamilla requested additional time to obtain the required permit. Id.

28         On March 9, 2023, the Sonoma Superior Court issued a judgment against Defendant and in

*United States District Court*
*Northern District of California*

favor of Plaintiffs and the other plaintiffs in the rent overcharge case, awarding nearly $50,000 for excessive rent and other fees. Id. ¶ 33. Approximately one month later, Defendant served Plaintiffs with a fourth Seven-Day Notice, identical to the February Seven-Day Notice. Id. ¶ 34. On April 21, 2023, Defendant served Plaintiffs with an eviction notice informing them that their tenancy would be terminated in sixty days pursuant to California's Mobilehome Residency Law (Sixty-Day Notice). Id. ¶ 35.

On May 12, 2023, Plaintiffs submitted an "official" request for a reasonable accommodation, asking Defendant to give them additional time to obtain a HCD permit. Id. ¶ 36. On May 23, 2023, Defendant stated it would not reconsider the Sixty-Day Notice and intended to evict Plaintiffs. Id. ¶ 37. That same day Plaintiffs provided Defendant with a finalized HCD permit that was signed on May 17, 2023. Id. ¶ 38.

On June 2, 2023, Plaintiffs sent Defendant another request for an accommodation, providing Defendant with "more detailed information" on Escamilla's debilitating medical condition and the "nexus between his disability and his need for a reasonable accommodation." Id. ¶ 39. On June 15, 2023, Plaintiffs spoke to Preston to make an oral and written request for an accommodation to allow them to stay in their home, but he refused to rescind the Sixty-Day Notice, "telling Plaintiffs that they had done a lot of harm to the community." Id. ¶ 40. Plaintiffs remain in their home, and Defendant has not filed an unlawful detainer action. ECF No. 18 at 14.[2]

With respect to the basis for a reasonable accommodation request, the Complaint alleges that Escamilla was disabled on account of having been hospitalized for a heart condition in July 2021. Compl. ¶ 22. In addition, Escamilla "continued to experience medical issues," including a three-week hospitalization in August 2022 for acute renal failure. Id. ¶ 24. Since that hospitalization, Escamilla has had to receive dialysis treatment at least three times a week for several hours a session. Id.

## II.  LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[2] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

3

1  "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
2  cognizable legal theory." Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019)
3  (citation omitted).  A complaint generally must satisfy the pleading requirements of Rule 8 of the
4  Federal Rules of Civil Procedure, which requires that a complaint include a "short and plain
5  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

6  When reviewing a 12(b)(6) motion, a court must "accept all factual allegations in the
7  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
8  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007).  However, a
9  court need not accept legally conclusory statements that are not supported by actual factual
10 allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The allegations in the complaint
11 "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.
12 Twombly, 550 U.S. 544, 555 (2007).  A "claim has facial plausibility when the plaintiff pleads
13 factual content that allows the court to draw the reasonable inference that the defendant is liable
14 for the misconduct alleged." Iqbal, 556 U.S. at 678.  In the event dismissal is warranted, it is
15 generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.
16 See Sparling v. Daou, 411 F.3d 1006, 1014 (9th Cir. 2005).  A court's review is generally limited
17 to the contents of a complaint with the exception of materials incorporated by reference in a
18 complaint or materials subject to judicial notice.  See Khoja v. Orexigen Therapeutics, Inc., 899
19 F.3d 988, 999 (9th Cir. 2018).

20 Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely
21 granted when justice so requires." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).
22 Generally, leave to amend shall be denied only if allowing the amendment would unduly prejudice
23 the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.
24 Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

**III. DISCUSSION**

Defendant moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and requests denial of leave to amend.  Defendant also requests the Court decline supplemental jurisdiction over Plaintiffs' state law claims.  Defendant further

4

1    argues, in the alternative, that if the Court extends supplemental jurisdiction to the state law

2    claims, those claims are insufficiently alleged.

### A.     FHAA

The FHAA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap of . . . that person; or . . . any person associated with that person." 42 U.S.C. § 3604(f)(2). Plaintiffs allege a claim under 42 U.S.C. § 3604(f)(3)(B), which proscribes the "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." The inquiry as to whether an accommodation is reasonable is "highly fact-specific, requiring case-by-case determination." Birdwell v. AvalonBay Communities, Inc., No. 21-CV-00864-JST, 2023 WL 6307894, at *8 (N.D. Cal. Sept. 27, 2023) (citation omitted).

A plaintiff seeking to state such an FHAA claim must allege five elements: "(1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation . . . of the handicap is necessary to afford the handicapped person an equal opportunity [i.e., equal to a non-handicapped person] to use and enjoy the dwelling; (4) that the accommodation . . . is reasonable; and (5) that defendant refused to make the requested accommodation." Howard v. HMK Holdings, LLC, 988 F.3d 1185, 1189–90 (9th Cir. 2021) (citation omitted).

#### 1.     The Claim Elements of Necessity and Denial of a Requested Accommodation

Defendant assumes that Plaintiffs have alleged a "handicap" within the meaning of the FHAA but attacks the sufficiency of the allegations concerning other elements of the claim. Defendant argues that Plaintiffs fail to allege the third element—that the accommodation requested was necessary. ECF No. 18 at 10. To sufficiently allege necessity, a plaintiff must allege that "but for the accommodation, they likely will be denied an equal opportunity [i.e., equal to the opportunity afforded non-disabled persons] to enjoy the housing of their choice." Giebeler

1  v. M & B Assocs., 343 F.3d 1143, 1155 (9th Cir. 2003).  The "inquiry is a causal one that
2  examines whether the requested accommodation would redress injuries that otherwise would
3  prevent a disabled resident from receiving the same enjoyment from the property as a non-disabled
4  person would receive."  Howard, 988 F.3d at 1190–91 (internal quotation marks and citation
5  omitted).  In other words, "there must be a 'causal link' between the requested accommodation
6  and the plaintiff's disability."  Id. at 1191.  For example, a causal nexus exists as to a plaintiff's
7  need for accessible parking where the "lack of assigned accessible parking" regularly caused
8  plaintiff to "spend long periods searching for parking, eat dinner in her car, and cancel classes"
9  and was the but for "cause of her inability to use and enjoy her condominium on the same terms as
10 all other residents who had assigned parking."  United States v. Aqua 388 Cmty. Ass'n, No. 2:23-
11 CV-02498-SB-JPR, 2023 WL 6890753, at *4 (C.D. Cal. Oct. 6, 2023).

12   Plaintiffs allege that they requested reasonable accommodations based on Escamilla's
13 disability when they asked Defendant for "more time" to obtain the HCD permit and decal and
14 requested that Defendant rescind the Sixty-Day Notice to vacate the mobilehome space.  Compl.
15 ¶¶ 30, 32, 36, 46.  These allegations, however, are vague regarding the necessity element.
16 Plaintiffs' Complaint contains only one allegation that suggests a causal link between Escamilla's
17 disability and Plaintiffs' requested accommodations—Escamilla had "a disability and handicap
18 which *made it more difficult* for Plaintiffs to obtain these documents."  Compl. ¶ 46 (emphasis
19 added).  Yet, this allegation is insufficient to infer how or why Escamilla's disability made it
20 "more difficult" for Plaintiffs to obtain the required decal and permit, even if the logical leap is
21 that Plaintiffs had less time to obtain the required documents due to Escamilla's dialysis
22 appointments.  There are no allegations that describe the processes to obtain a replacement decal,
23 permit or inspection card.  The Complaint is silent as to whether these items must be requested in
24 writing, with requests submitted via U.S. mail or online.  There are no allegations that indicate the
25 processing time for these requests, or the efforts made and barriers met.  Nor are there allegations
26 as to why Escamilla's dialysis appointments affected Plaintiff Cordero's ability to pursue such
27 documentation.  There are no allegations upon which to infer that Cordero played any significant
28 caretaking for Escamilla.

6

At the hearing Plaintiffs asserted that it takes many months to obtain the required HCD documentation, but there are no such allegations in the Complaint. The Complaint alleges that Plaintiffs' counsel provided "detailed information about Plaintiff Escamilla's debilitating medical condition and the nexus between his disability and his need for a reasonable accommodation." Compl. ¶ 39. The Complaint, however, does not include any allegations regarding the nexus. Consequently, the allegations concerning the need for the requested accommodations are insufficient to support Plaintiffs' FHAA claim. Nevertheless, under Rule 15 of the Federal Rules of Procedure, "[t]he court should freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that Plaintiffs may be able to cure this deficiency with additional allegations, granting leave to amend would not necessarily be futile. Defendant's Motion to Dismiss the FHAA claim for failure to allege that the accommodations requested were necessary is **GRANTED**, but Plaintiffs are **GRANTED** leave to amend.

Next, with respect to the fifth element of an FHAA claim, Defendant argues that Plaintiffs have not alleged that it denied a request for a reasonable accommodation. Defendant contends that the Complaint indicates that it gave more time to Plaintiffs. ECF No. 18 at 12. As noted above, Plaintiffs have not alleged that Defendant immediately sought to evict them based on rule violations. The Court, however, is obliged to construe the pleadings in the light most favorable to Plaintiffs. Outdoor Media Group, Inc., 506 F.3d at 900. Plaintiffs have alleged that Defendant ultimately continued to take steps towards forcing them to vacate the property by issuing further Seven-Day Notices and refusing to rescind the Sixty-Day Notice. See Compl. ¶¶ 35, 37, 40.

Defendant's reliance on Dadian v. Village of Wilmette, 269 F.3d 831, 838 (7th Cir. 2001) does not persuade the Court that, as a matter of law, Plaintiffs have failed to allege that Defendant denied a requested accommodation. Construed in Plaintiffs' favor, the allegations are that the refusal to allow more time and rescind the Sixty-Day Notice denied Plaintiffs equal enjoyment of their home on account of Escamilla's disability. By not rescinding the Sixty-Day Notice, the Court may infer that Plaintiffs were vulnerable to an eviction in a manner that other non-disabled residents were not vulnerable. Plaintiffs' allegations as to the denial of their requests are sufficient. Defendant's Motion to Dismiss on this basis is declined, and the Complaint need not

be amended in this respect.

Additionally, Defendant argues that Plaintiffs have not alleged a cognizable denial of an accommodation request because Defendant contends that it has legally terminated Plaintiffs' tenancy. But the Ninth Circuit has not held as much, and persuasive authority posits that "a discriminatory denial can occur at any time during the entire period before a tenant is 'actually evicted.'" Douglas v. Kriegsfeld Corp., 884 A.2d 1109, 1121 (D.C. 2005) (quoting Radecki v. Joura, 114 F.3d 115, 116 (8th Cir.1997)). Indeed, recission of a termination notice has been found to be a reasonable accommodation. See McAlister v. Essex Prop. Tr., 504 F. Supp. 2d 903, 906 (C.D. Cal. 2007) (noting the Ventura County Superior Court Commissioner's finding). Thus, the Court rejects Defendant's argument that, as a matter of law, Plaintiffs are unable to allege the denial of a reasonable accommodation by virtue of Defendant's refusal to rescind the Sixty-Day Notice.

### 2. Scope of FHAA Protection

Finally, Defendant challenges Plaintiffs' standing to bring an FHAA claim. ECF No. 18 at 10–11. Defendant argues that Escamilla has no standing to bring an FHAA claim because he was not a registered owner of the subject mobilehome during the relevant time period.[3] Relatedly, Defendant further argues that because Escamilla is not protected by the FHAA as a registered owner, Cordero, who is the registered owner, does not have standing to sue under the FHAA based on Escamilla's disability. Id.

Under California statute, a "registered owner" must submit a written request to the HCD to obtain a replacement decal and/or sticker. Cal. Code Regs. tit. 25, § 5552(b) (1998). The FHAA, however, applies to "cases involving a 'sale' or 'rental' for which the landlord accepted consideration in exchange for granting the right to occupy the premises." Salisbury v. City of Santa Monica, 998 F.3d 852, 858 (9th Cir. 2021), cert. denied, 142 S. Ct. 771, 211 L. Ed. 2d 481

---

[3] The Court **GRANTS** Defendant's unopposed Request for Judicial Notice, ECF No. 19, because Exhibits A through C are title records from the HCD and are a matter of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record and consider that extrinsic evidence on a Rule 12(b)(6) motion).

8

(2022). Plaintiffs allege, and Defendant does not dispute, that Defendant accepted rents from Escamilla for years in exchange for Escamilla's right to occupy a space at Defendant's mobilehome park. See Compl. ¶¶ 13–14, 44, 71. Defendant's alleged refusal to allow more time for Cordero to obtain the HCD decal and documentation, and its refusal to rescind the Sixty-Day Notice, placed Escamilla in danger of losing his housing. Accordingly, Escamilla meets the requirements to bring an FHAA claim, even if he individually was not the title owner of the mobilehome.

As for non-disabled parties, such as Cordero, under the FHAA "any person harmed by discrimination, *whether or not the target of the discrimination*, can sue to recover for his or her own injury." Harris v. Itzhaki, 183 F.3d 1043, 1050 (9th Cir. 1999); see Lee v. Retail Store Emp. Bldg. Corp., No. 15-CV-04768-LHK, 2017 WL 346021, at *6 (N.D. Cal. Jan. 24, 2017) (stating that under the FHAA a non-disabled plaintiff must "allege that as a result of the defendant's discriminatory conduct he has suffered a distinct and palpable injury") (citation omitted). For example, a live-in caretaker may bring an FHAA claim if she is evicted from the disabled party's home because of a defendant's discriminatory conduct. See Lee, 2017 WL 346021, at *8.

The Complaint alleges that Cordero lived in the same mobilehome as Escamilla. Compl. ¶ 12–13. The Complaint further alleges that accommodations were based on Escamilla's disability and the denial of Escamilla's requests harmed Cordero because the Notices were directed at her, and she faced the threat of eviction as well. Id. ¶¶ 30, 36–37, 39–40. Under the FHAA, Cordero may base her claims on Escamilla's disability because she is an aggrieved party. 42 U.S.C. § 3602(i)(1)(the definition of an "aggrieved person" includes any person who "claims to have been injured by a discriminatory housing practice"). The Court declines Defendant's argument that Cordero lacks standing to sue under the FHAA. Defendant's Motion to Dismiss Plaintiffs' FHAA claims for lack of standing is **DENIED**.

### B.     State Law Claims

#### 1.     Supplemental Jurisdiction

Defendant argues the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims—the FEHA claim and retaliatory eviction claim—because, according

to Defendant, there is no viable FHAA claim. ECF No. 18 at 13. Where a court has original jurisdiction over a federal claim it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court, however, may decline to exercise supplemental jurisdiction over pendant claims for a variety of reasons. 28 U.S.C. § 1367(c)(1)–(4).

The Court **DENIES** Defendant's request in this instance. The Court has yet to dismiss Plaintiffs' FHAA claim with prejudice. Leave to amend has been granted. Thus, declination of supplemental jurisdiction is unwarranted at this time.

### 2. FEHA Claim

The FEHA states that it shall be unlawful "[f]or the owner of any housing accommodation to discriminate against or harass any person because of the . . . disability . . . of that person." Cal. Gov't Code § 12955(a). "The provisions of FEHA . . . involve[] substantially the same rights as the FHA[A] provisions [] and are subject to the same analysis." Cabrera v. Alvarez, 977 F. Supp. 2d 969, 975 (N.D. Cal. 2013); see Birdwell, 2023 WL 6307894, at *8 (same).

Defendant argues that Plaintiffs' FEHA claim should be dismissed due to the same defects that plague Plaintiffs' FHAA claim. ECF No. 18 at 14–16. The parties have not asserted that the Court's analysis of Defendant's arguments for dismissal of Plaintiffs' FEHA claim should differ from their FHAA claim. Accordingly, the Court's reasoning above concerning the FHAA claim also applies to Plaintiffs' FEHA claim. Plaintiffs have failed to allege sufficient facts upon which to infer that the requested accommodations were necessary. On that basis, dismissal of the FEHA is also warranted, but leave to amend is granted. The Court, however, rejects Defendant's arguments that the FEHA claim should be dismissed for failure to allege a denial of a requested accommodation or due to Plaintiffs' lack of standing to bring such a claim.

### 3. Retaliatory Eviction Claim

Defendant argues that Plaintiffs have failed to allege a statutory claim for retaliatory eviction because they rely on an inapplicable statutory provision, and they fail to allege facts sufficient to infer retaliatory motive. ECF No. 18 at 16–17. Regarding Plaintiffs' common law

claim for retaliatory eviction, Defendant argues that the claim should be dismissed as it is unripe. Id.  Plaintiffs have not responded to any of these arguments.  When a plaintiff fails to oppose a defendant's argument that a claim should be dismissed, courts have construed such as a concession that the claim should be dismissed.  See e.g., Narang v. Gerber Life Ins. Co., No. 18-cv-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018); Marziano v. County of Marin, No. C-10-2740 EMC, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010); GN Resound A/S v. Callpod, Inc., No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013). Accordingly, the Court does not resolve the merits of Defendant's arguments but finds that Plaintiffs have abandoned their retaliatory eviction claim and conceded that dismissal is warranted.  The Court **GRANTS** Defendant's Motion to Dismiss without prejudice with respect to Plaintiffs' retaliatory eviction claim.

## IV.  CONCLUSION

Defendant's Motion to Dismiss without leave to amend Plaintiffs' FHAA and FEHA claims is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiffs' FHAA and FEHA claims are dismissed with leave to amend to allow Plaintiffs an opportunity to cure their insufficient allegations as to the necessity of the accommodations requested.  Defendant's Motion to Dismiss without leave to amend is **GRANTED** as to Plaintiffs' retaliation claim because Plaintiffs have abandoned the claim.  Plaintiffs shall file an amended complaint within 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: December 4, 2023

LISA J. CISNEROS
United States Magistrate Judge

11